-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL JONES, 92-B-1309,

        Petitioner,

        -v-                                   **DECISION and ORDER**
                                                  05-CV-0008S

MICHAEL E. GIAMBRUNO,

        Respondent.

---

DANIEL JONES, 92-B-1309,

        Plaintiff,

        -v-                                     05-CV-0183S

COMMISSIONER GLENN S. GOORD,
Department of Correctional Services,
SUPERINTENDENT MICHAEL GIAMBRUNO,
Wyoming Correctional Facility,
WYOMING TIME ALLOWANCE COMMITTEE,
UNKNOWN JOHN DOES, each in their official
and individual capacity, CATHERINE BEITZ,
Correction Counselor, SUSAN KENNEDY,
Inmate Records Coor.,
        Defendants.

---

## **PROCEDURAL BACKGROUND**

On January 5, 2005, Petitioner/Plaintiff Daniel Jones, proceeding *pro se*, filed a Petition for Habeas Corpus relief, pursuant to 28 U.S.C. § 2241, challenging a denial of parole based presumably on a denial of "good time" credits for his failure to participate in a certain sex offender program. (05-CV-0008S, Docket No. 1). The Court, upon notice to Jones and an opportunity to be heard, ordered that the Petition be recharacterized as one

brought pursuant to 28 U.S.C. § 2254,[1] and directed Respondent to file an answer and memorandum of law in response to the Petition. (05-CV-0008S, Docket Nos. 3 and 4). Respondent has previously been granted extensions of time to respond to the Petition, and a third extension request is now pending. (05-CV-0008S, Docket No. 10).

On March 18, 2005, Jones filed a Complaint, pursuant to 42 U.S.C. § 1983 (05-CV-0183S, Docket No. 1), challenging the denial of his "good time" allowance or credit based on his failure to participate in a sex offender program that he claimed would have required him to acknowledge guilt for a crime he was seeking to have overturned.[2] The Court found that the relief sought in the Complaint could be sought only in a § 2254 petition for habeas corpus relief because it raised the question of the duration of Jones' confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Consequently, the Court ordered that the Complaint be construed as a Motion to Amend the Petition for Habeas Corpus filed in 05-CV-0008S, *see Grullon v. Ashcroft*, 374 F.3d 137, 138, 140 (2d Cir. 2004)(citing *Ching v. United States*, 298 F.3d 174, 177-78 (2d Cir. 2002),[3] and provided Jones the opportunity to address the Court's intention to treat the

---

[1] *Cook v. New York State Div. of Parole*, 321 F.3d 274, 275-78 (2d Cir. 2003) ( "We agree with the district court that a state prisoner challenging his or her parole revocation must file under section [§] 2254 . . . [I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead."); *Rossney v. Travis*, No. 03-2196, 2003 WL 135692, at *13 (S.D.N.Y. Jan.17, 2003), *aff'd on other grounds*, 93 Fed.Appx. 285, 2004 WL 605267 (2d Cir. Mar. 26, 2004) (Not selected for publication in the Federal Reporter, No. 03-2196) (the proper vehicle for challenging a denial of parole by the New York State Parole Board is § 2254, not § 2241 and, therefore, such a petition brought pursuant to § 2241 must be recharacterized as one brought pursuant to § 2254).

[2] Jones's appeals from his underlying conviction are no longer pending.

[3] In *Grullon*, the Court of Appeals summarized the holding in *Ching* as follows: "when a second § 2255 petition is filed before the adjudication of the initial § 2255 petition, which includes an appeal from the decision on the petition, the second petition is not characterized as a successive § 2255 petition, but rather should be construed as a motion to amend the pending § 2255 petition." *Grullon*, 374 F.3d at 140 (citing *Ching*, 298 F.3d at 177-78). The Court of Appeals also noted in *Grullon* that it had applied "similar principles" in the

Complaint (and Motion to Amend or Supplement the Complaint (05-CV-0183S, Docket No. 7)) as a Motion to Amend the Habeas Corpus Petition filed in 05-CV-0008S or to file an Amended Petition. (05-CV-0183S; Docket No. 8, Order; 05-CV-0008S, Docket No. 8, Order). The Clerk was therefore directed to docket the Complaint in 05-CV-0183S as a Motion to Amend in 05-CV-0008S, close 05-CV-0183S and docket the Order in both 05-CV-0183S and 05-CV-0008S. Judgment was entered in 05-CV-0183S per the Court's Order (05-CV-0183S, Docket No. 9), and 05-CV-0183S was closed.

On August 25, 2005, Jones filed both a Motion for Reconsideration of the Court's Order treating the Complaint in 05-CV-0183S as a Motion to Amend the Habeas Corpus Petition in 05-CV-0008S (05-CV-0183S, Docket No. 10; 05-CV-0008S, Docket No. 14), and an Amended Complaint.[4] Respondent in 05-CV-0008S, as later directed, filed a Memorandum of Law in Opposition to Jones' Motion for Reconsideration (05-CV-0183S, Docket No. 15; 05-CV-0008S, Docket No. 15), and Jones filed a Reply Memorandum of Law in Support of his Motion for Reconsideration. (05-CV-0183S, Docket No. 16; 05-CV-0008S, Docket No. 16).

On October 14, 2005, Respondent's counsel in 05-CV-0008S, filed a Motion for an Order: (1) striking the Amended Complaint filed in 05-CV-0183S, (2) denying the Motion to Amend the Petition in 05-CV-0008S (the Complaint in 05-CV-0183S), and (3) enlarging

---

context of a § 2254 petition. *Id.* at 140 (citing *Littlejohn v. Artuz*, 271 F.3d at 360, 363 (2d Cir. 2001).

[4]The gravaman of the Amended Complaint is the same as the Complaint, but since it was filed after plaintiff's Time Allowance Committee Hearing was held, *see* n.7, *infra*, and 05-CV-0183, Docket No. 5, Order, and after he was actually denied good time credits, it seeks both prospective relief and monetary damages for the alleged denial of his constitutional rights and the loss of good time.

3

the time to respond to the Petition. (05-CV-0008S, Docket No. 10). Jones filed an Affidavit in Opposition to Respondent's Motion. (05-CV-0008S, Docket No. 12).

## DISCUSSION

### A.  Jones' Motion for Reconsideration

Jones seeks reconsideration of this Court's Order in 05-CV-0183S, which deemed his Complaint under 42 U.S.C. § 1983 a Motion to Amend the Habeas Corpus Petition filed in 05-CV-0008S, on the ground that his Complaint and Amended Complaint (05-CV-0183S, Docket Nos. 1 and 12) do not challenge the length or duration of his confinement but rather challenge "the procedures and polices of the Department of Correctional Services ["DOCS"]," specifically the requirement that an inmate disclose his history of sexual misconduct in order to participate in a sex offender program. (05-CV-0183S, Docket No. 11, Affirmation, ¶ 7). Jones claims that these required disclosures are a violation of his Fifth Amendment right against self-incrimination and are a "de facto" requirement for the awarding of good time.[5]  (*Id.*)

In New York "good time" is defined or allowed as follows:

> Every person confined in an institution of the department or a facility in the department of mental hygiene serving an indeterminate or determinate sentence of imprisonment, except a person serving a sentence with a maximum term of life imprisonment, may receive time allowance against the term or maximum term of his sentence imposed by the court. Such allowances may be granted for good behavior and efficient and willing performance of duties assigned or progress and achievement in an assigned

---

[5]The Court notes that on April 23, 2004, District Judge Hurd of the United States District Court, Northern District of New York, granted a preliminary injunction to an inmate and enjoined "defendants and persons acting under their direction and/or control . . . from depriving a prisoner of good time credits because of the prisoner's refusal to divulge a history of sexual conduct, including illegal acts for which no criminal charges have been filed, in order to be eligible for the Sexual Offender Counseling Program." *Donhauser v. Goord*, 317 F.Supp.2d 160, 161 (N.D.N.Y. 2004). Respondent will be directed to advise the Court of the impact, if any, that Judge Hurd's injunction has on this case.

> treatment program, and may be withheld, forfeited or canceled in whole or in part for bad behavior, violation of institutional rules or failure to perform properly in the duties or program assigned.

N.Y. Corr.L., § 803(a)(1). If an inmate receives credit for all of the good time allowance he is allowed, he has a conditional release date (a form of "automatic parole"), which would mark two-thirds of the expiration of his maximum sentence. N.Y. Penal Law, § 70.40, McKinney's Practice Commentary, *Conditional release; indeterminate or determinate sentence,* Domino, W. (McKinney's 2004).[6] Four months prior to an inmate's conditional release date a Time Allowance Committee ("TAC") reviews the inmate's file to determine how much good time to grant to the inmate. 7 NYCRR § 261.3(a). "In evaluating the amount of allowance to be granted, the statutory criteria (i.e., good behavior, efficient and willing performance of duties assigned, progress and achievement in an assigned treatment program) shall be viewed in light of the following factors: 1) the attitude of the inmate; 2) the capacity of the inmate; and 3) the efforts made by the inmate within the

---

[6] "Although a person serving a determinate or indeterminate sentence of imprisonment is not eligible for or is not granted parole in the discretion of the Board of Parole, as the case may be, the inmate may be granted "conditional release," which is a form of automatic parole. Thus, upon the inmate's request, the inmate must be released on "conditional release" when the inmate's total "good behavior time" [see § 70.30(4)] is equal to the unserved portion of the inmate's maximum or aggregate maximum term of the indeterminate sentence or term of the determinate sentence.

For the indeterminate sentence, the maximum time allowance may not exceed one-third of the maximum or aggregate maximum term [§ 70.30(4)(a)]. For the determinate sentence, the maximum time allowance is one-seventh of the term of the determinate sentence. Correction Law § 803.

Thus, the person serving the indeterminate sentence who is not granted parole may earn good time sufficient to permit that person's "conditional release" after service of two-thirds of the maximum term of the indeterminate sentence; the person serving a determinate sentence, for whom parole is not permitted, may earn good time sufficient to permit that person's "conditional release" after service of six-sevenths of the term of the determinate sentence."

N.Y. Penal Law, § 70.40, McKinney's Practice Commentary, *Conditional release; indeterminate or determinate sentence*, Domino, W. (McKinney's 2004)

limits of his capacity." *Id.*; § 260.3(b).  Prior to the Court's Order determining that the Complaint in 05-CV-0183S was cognizable only in a habeas corpus proceeding, Jones had sought a temporary restraining order seeking to enjoin his TAC hearing because he believed he would not be provided due process and would thus not be awarded good time. The request was denied.  (05-CV-0183S, Docket No. 5).

It is the denial of good time that Jones is claiming was unconstitutionally denied him because of his refusal to participate in a sex offender program, which he claims he was entitled to do because when he entered DOCS' custody there was an agreement that he did not need to participate in the program because he was still, at the time, challenging his conviction on appeal.  Jones relies on the recent United States Supreme Court case of *Wilkinson v. Dotson*, in support of his claim that a challenge to the procedures utilized by DOCS would not necessarily lead to his immediate or accelerated release from incarceration and, therefore, the Complaint and Amended Complaint filed in 05-CV-0183S were properly brought as a civil action under 42 U.S.C. § 1983.  544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).  He argues that even if the procedures for participation in the sex offender program were rendered unconstitutional he would at most be entitled to another review by the TAC, and that TAC may again decline to award him earned good time allowances.[7]  (05-CV-0183S, Docket No. 11, Affirmation, ¶ ¶ 12-13).  Jones claims

---

[7]In New York, an inmate may accrue so-called "good time credits" for "positive efforts made during incarceration," 7 N.Y.C.R.R. § 260.1, and may forfeit such credits as punishment following disciplinary proceedings. *Id.* § 261.3.  The TAC of the facility in which the inmate is incarcerated is authorized to recommend the amount of the good behavior allowance. *Id.* § 261.2.  If the inmate loses good time credits pursuant to a disciplinary proceeding, "the [TAC] shall consider whether, and set forth its recommendation as to whether, the inmate's subsequent behavior merits restoration of all or part of the lost allowance and its reasons therefore." *Id.* § 261.3(b).  "Where the committee has determined that there may be sufficient reason present after a review of the [inmate's] file not to recommend the granting of the total allowance authorized, other than time lost as the result of a superintendent's [disciplinary] hearing, or upon direction of the

that he was denied good time allowances, and thus an earlier release, because he had not enrolled in a recommended sex offender program; a program which he claims his counsel and the DOCS agreed he would not have to enroll in as long as he had a verifiable appeal pending in state court. (05-CV-0183S, Docket 12, Amended Complaint).

Respondent asserts that because the gravaman of the Amended Complaint in 05-CV-0183S is that Jones was denied good time because he refused to participate in a sex offender program that required him, in violation of his Fifth Amendment right against self-incrimination, to admit to the crime that underlies his conviction and his current imprisonment, his claim if successful could only result in the awarding of good time and is therefore cognizable only under 28 U.S.C. § 2254. Respondent also asserts that there may arguably be other procedural issues raised in the Amended Complaint that are cognizable in a civil action under § 1983 but that they fail to state a claim upon which relief may be granted and should be dismissed regardless of whether construed under § 1983 or § 2254. (05-CV-0183S, Docket No. 15, Respondent's Memorandum of Law in Opposition to Petitioner's Motion for Reconsideration, pp. 3-4).

The issues presented by the Motion for Reconsideration, as they were when the Complaint in 05-CV-0183 was initially filed, are whether the Complaint and Amended Complaint raise grounds for challenging the actions of DOCS that affect the fact of or duration of Jones's imprisonment, as the Habeas Corpus Petition in 05-CV-0008S clearly

---

superintendent pursuant to section 263.2(b) of this Title, the committee shall schedule a time allowance committee hearing to be held for the purpose of determining if sufficient reason is present not to recommend the granting of the total allowance authorized and to determine the amount of time to be recommended for allowance and the reasons for the recommendation" *Id.* § 261.4(a). The notice to the inmate and the procedures to be followed at the TAC hearing are set forth in § 261.4(b)-(j). When the "the total good behavior time allowed to him ... is equal to the unserved portion of his term," a prisoner may be conditionally released from prison. N.Y. Penal Law § 70.40.1(b).

does, and, if so, whether 05-CV-0183 should be maintained separately as a civil action under 42 U.S.C. § 1983. The Court finds again, as it did previously, that no matter how Jones attempts to plead his claims, his primary claim is that he was improperly denied good time because he refused to participate in a sex offender program and that this led to his continued incarceration. As such, the crux of Jones' claim is that he was unconstitutionally denied good time credit. If successful on that claim, it would result in the awarding of good time.[8] See *Gastelu v. Breslin*, No. 03 CV 1339 JG, 2005 WL 2271933, n. 2 (E.D.N.Y Sept. 12, 2005) ("To the extent that [plaintiff] is seeking money damages for the deprivation of good-time credits without due process, such a claim is barred by *Heck'*s favorable-termination rule.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)).

In 2004, the United States Supreme Court, once again summarizing the distinction between petitions seeking habeas corpus relief and civil actions under 42 U.S.C. § 1983, stated:

> "Section 1983 authorizes a 'suit in equity, or other proper proceeding for redress' against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution.' ... however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. See *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983. *Ibid.*"

---

[8] Jones' argument that a successful § 1983 action would result in a new TAC hearing, rather than an award of good time, is unpersuasive. The only reason the TAC denied Jones good time was because he refused to participate in the sex offender treatment program. (05-CV-0183S, Docket No. 12, ¶ 47). If this decision is deemed invalid, there appears no other impediment to the awarding of good time. As such this Court finds that a successful § 1983 claim would result in the award of good time.

*Nelson v. Campbell*, 541 U.S. 637, 124 S.Ct. 2117, 158 L.Ed 2d 924 (2004). In its most recent pronouncement on this issue, the Court again reviewed its seminal holdings and summarized them by stating that:

> Throughout the legal journey from *Preiser* [*v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)] to [*Edwards v.*] *Balisok*, [520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)], the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. Thus, *Preiser* found an implied exception to § 1983's coverage where the claim seeks-not where it simply "relates to"-"core" habeas corpus relief, i.e., where a state prisoner requests present or future release. Cf. post, at 1254 (KENNEDY, J., dissenting) (arguing that *Preiser* covers challenges that "relate ⋯ to" the duration of confinement). *Wolff* [*v. McDonnell*, 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)] makes clear that § 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. *Heck* [*v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)] specifies that a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence. And *Balisok*, like *Wolff*, demonstrates that habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement. **These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.**

*Wilkinson*, 125 S.Ct. at 1247-48 (emphasis added).

While Jones claims that he raises a number of challenges to not only the fact that he was denied good time credits and thus early release but also to the procedures used by DOCS to deny him good time, the fact remains that if he is successful on his underlying claim in 05-CV-0183S, he would be entitled to good time credits and presumably an earlier

9

release.  See *Ebron v. Lantz*, No. 3:04CV1375MRK, 2006 WL 18827 (D.Conn. Jan. 4, 2006) ("Similarly, [plaintiff]'s allegation, if proven, would necessarily show that he was entitled to speedier release, and so he must pursue his claim through a petition for a writ of habeas corpus. Therefore, the portion of his complaint seeking the good-time credits he had earned is dismissed with prejudice.")

Accordingly, the Court finds that Jones's Complaint and Amended Complaint in 05-CV-0183S assert claims directly impacting the length or duration of his confinement.  As such, they are not cognizable under § 1983.  Accordingly, Jones's Amended Complaint in 05-CV-0183S shall be treated as a Motion to Amend the Habeas Corpus Petition in 05-CV-0008.  Jones's Motion for Reconsideration (Docket No. 10, 05-CV-0183S) is denied.

**B. Respondent's Motion to Strike Amended Complaint in 05-CV-0183S, Deny Putative Motion to Amend Petition and Enlarge Time to File Response to Petition for Habeas Corpus Relief**

After the Court issued its Order directing that the Complaint (now Amended Complaint) in 05-CV-0183S be docketed as a Motion to Amend the Habeas Corpus Petition in 05-CV-0008S, and prior to the Court directing Respondent in 05-CV-0008S to file a response to Jones' Motion for Reconsideration in 05-CV-0183S, Respondent filed a motion in 05-CV-0008S to (1) Strike the Complaint filed in 05-CV-0183S, (2) Deny the "putative" Motion to Amend the Petition (*i.e.*, the Complaint in 05-CV-0183S), and (3) Enlarge Respondent's time to respond to the Petition in 05-CV-0008S.  (05-CV-0008S, Docket No. 10).  The apparent basis for the Motion to Strike the Complaint in 05-CV-0183S and to Deny the putative Motion to Amend the Petition is that following the Court's determination that the Complaint in 05-CV-0183 should be deemed and docketed as a

Motion to Amend the Petition in 05-CV-0008S, Jones failed to file a response to the recharacterization of his Complaint and failed to file an Amended Petition in 05-CV-0008S as directed. (05-CV-0008S, Docket No. 11, Declaration of Darren Longo, Esq., ¶¶ 5-8).

Respondent's argument is misplaced. Jones did in fact file both a Motion for Reconsideration and an Amended Complaint in 05-CV-0183S. However, these documents were not docketed in 05-CV-0008S. The Clerk of the Court, pursuant to the Court's Order in 05-CV-0183 (Docket No. 8) should have docketed the motion and Amended Complaint in 05-CV-0008S but did not. The Court, upon recognition of the oversight, directed the Clerk to docket the Motion for Reconsideration in 05-CV-0008S. (05-CV-0008S, Docket No. 14; 05-CV-0183S, Docket No. 14).

Based on the foregoing, (1) the Motion to Strike the Complaint in 05-CV-0183S is denied; (2) the Motion to Deny the Putative Motion to Amend the Petition is denied as moot inasmuch as the Court previously directed that the Complaint and now Amended Complaint in 05-CV-0183S be deemed and docketed as a Motion to Amend the Petition in 05-CV-0008S; and (3) the Motion for an Enlargement of Time to respond to the Habeas Corpus Petition in 05-CV-0008S is granted. Jones will, therefore, be directed to file an Amended Petition in 05-CV-0008S, which shall encompass his claims in both 05-CV-0008S and 05-CV-0183S as they relate to the denial of parole and good time based on his refusal to participate in a sex offender treatment program. Respondent shall be directed to file a response thereto, which shall include a discussion of what impact, if any, the injunction entered by Judge Hurd in *Donhauser* has on this case.

IT HEREBY IS ORDERED, that Jones's Motion for Reconsideration (05-CV-0183S, Docket No. 10; 05-CV-0008S, Docket No. 14) is DENIED.

FURTHER, that the Amended Complaint docketed in 05-CV-0183S (Docket No. 12) shall be deemed and docketed as a Motion to Amend the Habeas Corpus Petition in 05-CV-0008S.

FURTHER, that the Motion to Amend the Habeas Corpus Petition (to be docketed in 05-CV-0008S as directed above) is GRANTED.[9]

FURTHER, that Jones shall file an Amended Petition in 05-CV-0008S, as directed above, by **May 15, 2006**.

FURTHER, that Respondent's Motion to (1) Strike the Complaint filed in 05-CV-0183S and (2) Deny Jones' putative Motion to Amend the Petition in 05-CV-0008S (05-CV-0008S, Docket No. 10) is DENIED.

FURTHER, that Respondent's Motion to Enlarge the Time in which to respond to the Petition in 05-CV-0008S is GRANTED.

FURTHER, that Respondent shall have **45 days** from the filing of Jones' Amended Petition to file an Answer and a Memorandum of Law in response to the Amended Petition.[10]  Respondent's Memorandum of Law shall include a discussion of what impact, if any, the injunction entered by Judge Hurd in *Donhauser* has on this case.

SO ORDERED.

Dated:     March 31, 2006
           Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge

---

[9] Because Respondent has not filed an answer to the Petition in 05-CV-0008S, Jones's Amended Petition is filed as of right.  See FED R. CIV. P. 15(a).

[10] Respondent shall also file the documents and records previously ordered to be filed in response to the Petition in 05-CV-0008S.  (05-CV-0008S, Docket No. 4).