-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL JONES, 92-B-1309,

                    Plaintiff,

                    -v-

COMMISSIONER GLENN S. GOORD,
Department of Correctional Services,
SUPERINTENDENT MICHAEL GIAMBRUNO,
Wyoming Correctional Facility,
WYOMING TIME ALLOWANCE COMMITTEE,
UNKNOWN JOHN DOES, each in their official
and individual capacity, CATHERINE BEITZ,
Correction Counselor, SUSAN KENNEDY,
Inmate Records Coor.,

                    Defendants.

**DECISION and ORDER**
05-CV-183S

## INTRODUCTION

        Presently before the Court is Plaintiff's Motion to Vacate the Decision and Order

issued on March 31, 2006 ("March 31, 2006 Order").  (Docket No. 22).  This motion is in

effect Plaintiff's second motion for reconsideration of the Court's Order entered August 2,

2005 (Docket No. 8) ("August 2, 2005 Order"), which, *inter alia,* ordered that Plaintiff's

complaint in the instant matter be construed as a Motion to Amend his habeas corpus

petition in 05-CV-0008, and that the instant matter be closed.  The August 2, 2005 Order,

familiarity with which is assumed, was based upon the Court's determination that because

Plaintiff's complaint sought to challenge actions of the Department of Correctional Services

that affected the fact or duration of his imprisonment, it could not be maintained as an

action pursuant to 42 U.S.C. § 1983 under the Supreme Court's decision in *Preiser v. Rodriguez,* 411 U.S. 475 (1973), and its progeny. *(*See Docket No. 8, August 2, 2005 Order at 2-3). Plaintiff filed a motion for reconsideration of the August 2, 2005 Order (Docket No. 10), in which he argued that his complaint and amended complaint filed with his motion (Docket No. 12) did not challenge the length or duration of his confinement, but instead "the procedures and policies of the Department of Correctional Services, specifically, the requirement that an inmate disclose his history of sexual misconduct in order to participate in a sex offender program."

Thereafter, in the March 31, 2006 Order, familiarity with which is assumed, the Court denied Plaintiff's motion for reconsideration, again determining that the claims set forth in the complaint "directly impact[] the length or duration of his confinement," and as such, "are not cognizable under § 1983." The Court further directed that the amended complaint be docketed in 05-CV-0008S as a motion to amend the habeas corpus petition. (Docket No. 18, March 31, 2006 Order at 10-12).[1]

Plaintiff appealed the March 31, 2006 Order to the United States Court of Appeals for the Second Circuit (Docket No. 19), which dismissed the appeal as lacking an arguable basis in fact or law. (Second Circuit Docket No. 06-1948-pr, Aug. 10, 2006). Plaintiff's subsequent petition for panel rehearing and rehearing en banc was denied. (Second Circuit Docket No. 06-1948-pr, Nov. 16, 2006) Thereafter, following the issuance of the Second Circuit's Mandate, on November 23, 2006, Plaintiff filed, on April 27, 2007, a motion for reconsideration with the Court of Appeals. The Second Circuit did not formally

---

[1]The March 31, 2006 Order further directed that the motion to amend the habeas corpus petition in 05-CV-0008S be granted and that the amended petition be filed by May 15, 2006.

act upon this motion; instead, by letter dated May 3, 2007, Plaintiff was advised that his appeal had been dismissed, that his petition for hearing had been denied, and that the Court of Appeals' Mandate had issued.  Plaintiff was further informed that if he insisted upon pursuing his appeal, he would need to file a motion seeking permission to file a second request for reconsideration/rehearing.  (Second Circuit Docket No. 06-1948-pr, May 3, 2007).

On March 15, 2007, Plaintiff filed the instant Motion to Vacate this Court's March 31, 2006 Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Plaintiff's motion is based upon  an alleged change in the law applicable to his complaint stemming from a Second Circuit decision issued shortly after Plaintiff's appeal was dismissed.  For the reasons set forth below, Plaintiff's motion is denied.

## **DISCUSSION**

Fed.R.Civ.P. 60(b) provides for relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time.  According to the Second Circuit Court of Appeals:

> Rule 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order. ... Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. . . . In other words it should be broadly construed to do "substantial justice," . . . , yet final judgments should not "be lightly reopened."  . . .  The Rule may not be used as a substitute for a timely appeal. . . .  Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.

*Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted).

The Court must first consider whether it has jurisdiction to entertain Plaintiff's motion, given the Second Circuit's dismissal of Plaintiff's appeal from the Order.  It was formerly the law in most circuits that a district court did not have jurisdiction to entertain a Rule 60(b) motion seeking to reopen a judgment that had been affirmed on appeal unless the Court of Appeals first granted leave to appeal.  *See, e.g., LSLJ Partnership v. Frito-Lay,* (7th Cir. 1990); *see also* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2873, p. 436 (2d ed. 1995).

But in *Standard Oil Co. of California v. United States,* the United States Supreme Court held that a district court may reopen a case that has been reviewed on appeal without leave from the court of appeals or a withdrawal of the appellate court's mandate.[2] 429 U.S. 17 (1976).   And in a later explication of the rule in *Standard Oil*, the Second Circuit stated that "a district court has jurisdiction to hear [a] Rule 60(b) motion based upon [an] alleged change in law *arising after [the] appellate court mandate*."  *DeWeerth v. Baldinger,* 38 F.23d 1266, 1271 (2d Cir. 1994) (emphasis added) (citing *LSLJ Partnership v. Frito-Lay,* 920 F.2d at 479); *see also* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2873, p. 438 (2d ed. 1995) (citing *DeWeerth* and *Frito-Lay*).

As previously noted, the instant motion is based upon an alleged change in the law: Plaintiff contends that the Second Circuit's decision in *Peralta v. Vasquez,* 467 F.3d 98 (2006), changes the law applicable to his § 1983 complaint, and therefore warrants reconsideration under Rule 60(b) of the Court's March 31, 2006 Order.  But even assuming

---

[2]*Standard Oil* does not give a district court the authority "to alter an appellate ruling where the appellate court has already considered and rejected the basis for the movant's Rule 60(b) motion." *DeWeerth v. Baldinger,* 38 F.3d 1266, 1270 (2d Cir. 1994).  Instead, under *Standard Oil,* a district court "may consider a Rule 60(b) motion when 'later events' arise that were not previously considered by the appellate court." *Id.*

that there was a favorable change in law, the Court finds that it lacks jurisdiction to consider the merits of the Rule 60(b) motion because the alleged change arose *before* the issuance of the Second Circuit's Mandate in Plaintiff's appeal.

The Second Circuit's Order dismissing Plaintiff's appeal of the March 31, 2006 Order was issued on August 10, 2006. Thereafter, as previously noted, Plaintiff petitioned the Court of Appeals for a rehearing. The filing of the petition for hearing stayed the issuance of the Court of Appeals' mandate until the petition was resolved. *See* Fed. R. App. P. 41(d)(1). The Second Circuit denied Plaintiff's petition for rehearing by Order dated November 16, 2006, and directed that the Mandate be issued seven days thereafter, on November 23, 2006, in accordance with Fed. R. App. P. 41(b).

The change in the law on which Plaintiff's instant motion for reconsideration is based occurred on October 17, 2006, the date on which the Second Circuit's decision in *Peralta* was issued. The Second Circuit's mandate in this case was issued more than one month later, on November 23, 2006.[3] Therefore, because Plaintiff's Rule 60(b) motion is based upon a change in law that arose *before* the issuance of the Mandate, the Court concludes, based on *DeWeerth,* that it lacks jurisdiction to entertain Plaintiff's Rule 60(b) motion. Accordingly, Plaintiff's motion is DENIED.

---

[3]A judgment or order of the Court of Appeals is not final until the Mandate is issued, at which time the parties' obligations become fixed and final. Fed. R. App. P. 41(c), Advisory Committee's note on 1998 amendments. Before the Mandate is issued, the Court of Appeals retains authority "to amend its opinion or modify its judgment. Moreover, until the mandate is issued, the case is still pending in the court of appeals for purposes of applying a new Supreme Court decision." Mark I. Levy, "The Mandate," Nat'l. L. J., Jan. 16, 2006, at 12 (citations omitted). Its decision in *Peralta* having been released before the Mandate in the instant matter, the Second Circuit retained the authority to amend or modify its order dismissing Plaintiff's appeal based upon *Peralta*.

IT HEREBY IS ORDERED, that Plaintiff's Motion to Vacate (Docket No. 22) is DENIED.

SO ORDERED.

Dated:      September 28, 2007
            Buffalo, New York

                                        /s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                     United States District Judge